Green J.
delivered the opinion of the court.
This is an action of trover and conversion, brought by Thomas, the defendant in error, to recover several negro slaves. These slaves were the property of George C. Si-mons, and were by him conveyed to John Simons on the 12th of March, 1832, and by him conveyed to the defendant in error, on the 22nd of October, 1833. The bill of sale from George G. to John Simons, has never been proven and registered. The negroes were levied upon on the 16th of February, 1835, by virtue of executions in favorof the plaintiffs in error, and several other persons, against George C. Si-mons, and sóidas his property to Robert Murray, one of the plaintiffs in error. Many of these debts existed, and some of the judgments had been obtained, previously to the execution of the bill of sale, from George to John Simons. The court ehaiged the jury, that a sale of slaves, for a val- *32 liable consideration, accompanied by delivery of possession, was a good and valid conveyance of the property, and would enable the purchaser to hold it, against the creditors of the vendor. The jury found a verdict for the plaintiff below, and the defendants- appealed to this court.
The court erred, in its charge to the jury: — The act of 1784, c 10, § 7, provides, that “all sales of slaves shall be in writing, attested by at least two witnesses, or otherwise shall not be deemed valid.” By the act of 1789, c 59, § 2, it is provided, that “all bills of sale and deeds of gift of whatsoever nature, shall within twelve months after the making thereof, be proved in due form and recorded; also, all bills of sale and deeds of gift not authenticated in manner by this act directed, shall be void and of no force.” By the act of 1831, c 90, § 1, bills of sale for slaves, are required-to be registered. By the sixth section, it is provided, that they shall take effect only from the time registered; and the 12th section makes them void, as to existing or subsequent creditors, unless registered as the act directs.
With these acts of assembly before us, it is difficult to perceive how any one could suppose a sale of slaves would be good, as against creditors, without a bill of sale registered. Such a decision has never been made since the passage of the act of 1784, by the supreme court of this state, or the State of North Carolina. It is true the course of the decisions in North Carolina, sanctioned and followed in this state, restricts the application of the general expressions in the acts of 1784 and 1789, and holds, that as between the parties, a sale of a slave accompanied with possession in the yendee, is good, though there be no bill of sale. This is as far as any case has ever gone, except the case of Floyd vs. Goodwin, 8 Yerger, 484, in which the court determined, that these acts have no application to sales under process of law by public officers. But in the case of Douglass vs. Morford, 8 Yer. 373, a sale of a slave, accompanied with possession, was held to be void, as against a creditor, there being no bill of sale registered. This case was recognised as the settled law, at the last term of this court at Nashville, in the case of Payne vs. Lassiter, 10 Yer. 507.
*33 As in this case there was produced no registered bill of sale from George C. to John Simons, the title tó the slaves, so far as creditors are concerned, did not pass out of George C. Simons, by the sale to John, and consequently the defendant in error, Thomas, acquired no title by his purchase from John Simons.
But it is said the deed was only voidable, and that the sale to John Simons was confirmed by Murray, one of the execution creditors of George C. This is not the description of voidable deeds, which is subject to confirmation by the act of the party who may avoid it. The cases referred to are those, where the party making the deed may set it aside or confirm it as he may choose. In this case the sale is said to be voidable only, because for some purposes it is good, it being obligatory upon the parties. So are sales made to defrauded creditors good between the parties, and therefore only voidable. But in all these cases the sales are absolutely void, so far as creditors are concerned, and may be treated as though they had never existed. Such sale is to be treated where the parties, as to whom it is void, are contesting, it, as though it were void for every purpose.
The judgment must be reversed, and the cause remanded, to be determined upon the principles stated in this opinion.