VAUGHN, Adm'x, *v.* VAUGHN.

(*Jackson.*   May 3, 1890.)

GROWING CROPS.   *On homestead go to widow.*

Where homestead or dower is assigned to a widow while the crops growing at her husband's death still remain upon the land, she takes the crops, as against the decedent's creditors and next of kin.

Code cited: §§ 2943, 2944, 3250 (M. & V.); §§ 2119*a*, 2119*b* (Ad.) (M. & V.).

Cases cited: Carson *v.* Browder, 2 Lea, 701; Edwards *v.* Thompson, 85 Tenn., 721; Shofner *v.* Shofner, 5 Sneed, 95; Pickens *v.* Reed, 1 Swan, 80.

FROM TIPTON.

Appeal in error from Circuit Court of Tipton County.   T. J. FLIPPIN, J.

SIMONTON & YOUNG for Vaughn, Adm'x.

BAPTIST & BOALS *contra.*

CALDWELL, J.   In August, 1885, R. A. Vaughn died intestate, in Tipton County, Tenn., leaving his widow, Sallie L. Vaughn, but no children, surviving him.   He owned ninety acres of land in

that county, which, under decree of the County Court, was, in September following, assigned to her as homestead. Crops of corn and cotton were growing upon this land when it was so allotted to the widow and when her husband died. Assuming that the crops passed to her with the land, she finished their cultivation, and, when they had matured, gathered and appropriated them as her individual property.

She took out letters of administration on her husband's estate, and in due season made her report and settlement in the County Court. In that report and settlement no notice of the crops was taken, and no charge was made against her for them or their proceeds.

The present proceeding (so far as its purpose need be stated in this opinion) is instituted by certain heirs and creditors of the deceased to charge her, as administratrix, with the value of the said crops, less her lawful exemptions in the same, as a part of his estate.

His Honor, the Circuit Judge, was of opinion, and adjudged, that the crops were assets of the decedent's estate, and that they should be accounted for as such by the administratrix, after the retention by her of so much thereof as is exempt by law to widows of deceased persons.

From this judgment the administratrix has appealed in error.

The question thus presented for determination is whether a widow to whom homestead has been

assigned, is entitled to the crops growing upon the land. at the husband's death and when the assignment of homestead ، is made.. It is an entirely new question in this State, and, so far as we are advised, has never. arisen in any of the other States of the Union. Such right or estate as that of homestead was not known to the common law; consequently we cannot hope there to find a solution of the inquiry, unless it be through the application of some general principle, or by some obvious analogy.

By the common law, as applied in this country, growing crops, when *fructus industriales*—the product of annual planting—are personal property, and, as such, are subject to sale by execution or by private agreement, without passing any interest in the land upon which they are being produced. 1 Benj. on Sales (Ed. of 1883), Secs. 120 to 127 inclusive; *Carson* v. *Browder*, 2 Lea, 701; *Edwards* v. *Thompson*, 1 Pickle, 721.

If the owner of the land die intestate, such growing crops go to his personal representative rather than to his heirs. 1 Williams on Ex'rs (4th Am. Ed.), 599; *Shofner* v. *Shofner*, 5 Sneed, 95.

Nevertheless, they are so appurtenant to the land, and so partake of the nature of realty, that, if he die testate, they will pass with the land to the devisee, unless a contrary intention be manifested in the will. *Ib.*

So, if there be a sale of the land, whether private or judicial, the conveyance passing the title

to the soil carries with it the growing crops, if they be not specially reserved or excepted. 4 Kent (9th Ed.), 549; *Pickens* v. *Reed*, 1 Swan, 80; 1 Williams on Ex'rs, 599.

It is equally well settled that the dowress is entitled to the emblements as against both the personal representative and the heir. Her right relates to the time of her husband's death; and when dower is assigned, the growing crops pass with the soil, as appertaining to it, and become her absolute property. 1 Washburn on R. P. (3d Ed.), p. 196, Sec. 25; 1 Williams on Ex'rs, 599 and 602; 5 Am. & Eng. Ency. of Law, 908; 4 Kent, 70.

The analogy between the estate of dower and the widow's right of homestead is very close. While differing widely in some important particulars, they are practically the same in many others. Each is created by the act of the law, and alike they are humane provisions, intended for the sure and competent support of the widow. Both become complete the moment the husband dies, and are subsequently assigned as a matter of legal right. Neither can be defeated or diminished, impaired or invaded by the heir, the personal representative, or the creditor of the deceased husband; but each insures to the widow the full and uninterrupted use, enjoyment, and control of the land for life.

In this State the widow is entitled to both homestead and dower, and by the terms of the statute both are to be " assigned and set apart in the same manner," and by " the same commission-

ers," the homestead first, and then the dower out of the residue of the lands belonging to the husband. Code (M. & V.), §§ 2943, 2944, and 3250.

The similarity in the nature and the object of the two rights is so great that the established rule with respect to emblements in the one case, resting upon sound reason as it does, should be adopted in the other case. The assignment of dower carries the growing crops with the land, as we have seen, and for the same reason they should follow the allotment of homestead.

Let the judgment below be reversed, and enter judgment here for appellant.