Cole Manufacturing Co. *v.* Collier.

COLE MANÚFACTURING CO. *v.* COLLIER.

(*Jackson.* June 4, 1895.)

1. HUSBAND AND WIFE. *Estate by entirety.*

The character and incidents of an estate, as one by entirety, is not changed by a provision in the deed creating it, that in the event the wife survives the husband "she shall have the use and enjoyment" of the land, and "at her death the estate in remainder is to go to her children by the said" husband. (*Post, pp. 116, 117.*)

Cases cited and approved: 2 Wm. Black, 1213; 27 Pa. St., 504; 49 Barb., 155; 5 Halsted, 42.

2. SAME. *Same.*

The purchaser, at execution sale made for the husband's debts, of lands held as an estate by entirety cannot obtain possession of the lands or of their rents and profits during the joint lives of husband and wife, or at all, if the wife proves the survivor. (*Post, pp. 118–123.*)

Code construed: § 3338 (M. & V.); § 2481 (T. & S.).

Cases cited and distinguished: Ames *v.* Norman, 4 Sneed, 683; Jackson *v.* Shelton, 89 Tenn., 82; Hopkins *v.* Fowlkes, 92 Tenn., 697.

FROM SHELBY.

Appeal from Chancery Court of Shelby County. JOHN L. T. SNEED, Ch.

THOS. H. JACKSON and D. E. MYERS for Manufacturing Company.

SMITH & TREZEVANT and METCALF & WALKER for Collier.

BEARD, J.   In 1886 a deed reciting a valuable consideration was made and delivered to the defendants, W. A. and Alice T. Collier, conveying to them, as husband and wife, the real estate which is the subject of this suit.   Some time thereafter the complainant corporation, being a judgment creditor of the husband, caused an execution to be issued and levied on the latter's interest in this real estate, and, at the sale subsequently made by virtue of this levy, became a purchaser of the same.   Having received a deed from the Sheriff, this bill was filed seeking the aid of the Chancery Court to eject Collier and wife from, and to place complainant in possession of, the entire property.

The first question presented for our consideration is, What interest did these defendants take under the deed of 1886?   As it, by express terms, conveyed this property to these two grantees, as husband and wife, it is conceded that its legal effect is to create in them an estate by the entirety, unless it be that a limitation imposed upon the tenure of Mrs. Collier, should she outlive her husband, is sufficient to change the character of this estate.   The clause in the deed in which this limitation is found is in these words, viz.:   "In the event she shall survive the said William A. Collier, she shall have the use and enjoyment of said lands and improve-

ments, and the rents, issues, and profits thereof, and at her death the estate in remainder is to go to her children by the said W. A. Collier."

No limitation is imposed by the deed upon the right of survivorship of either the husband or the wife. The longest liver, as between them, will take the whole. The limitation is upon the estate of the wife after she has taken by survivorship, and is then operative only in the event she should die leaving children of herself and W. A. Collier surviving. In other words, a fee in an estate by entirety is granted to Collier and wife, but the wife's fee is determinable alone upon the event indicated, she in the meantime having outlived her husband. Such a limitation does not alter or modify the estate which the granting words have created.

In Coke on Littleton, § 285, in speaking of joint tenancy, it is said: "If lands be given to two, and to the heirs of one of them, this is a good joynture, and the one hath a freehold and the other a fee simple, and if he who hath the fee dieth, he which hath the freehold shall have the entiretie by survivor for term of life. They are joint tenants for life, and the fee simple is in one of them." And the authorities agree that "the same words of conveyance which would make two other persons joint tenants, will make a husband and wife tenants of the entirety, so that neither can sever the jointure, but the whole must accrue to the survivor." *Green* v. *King*, 2 Wm. Black, 1213; *Martin* v. *Jackson*,

27 Pa. St., 504; *Farmers' Bank* v. *Gregory*, 49
Barb., 155; *Dow* v. *Hardenburg*, 5 Halsted, 42 (S. C.,
18 Am. Dec., 371); 3 Jarman on Wills, 120.

The estate thus granted being an estate by en-
tirety, what right did complainant get by his pur-
chase of the husband's interest?

That complainant could cause his execution to be
levied on this interest, and, purchasing at the sale
under this levy, could place itself so far in the
room and stead of the execution debtor, that, if un-
redeemed, it would ultimately come into possession
of the whole should the husband outlive the wife,
is settled law in this State. *Ames* v. *Norman*, 4
Sneed, 683.

Complainant, however, insists that, having the
Sheriff's deed, it is entitled to immediate possession
of the whole estate, though the wife is still alive,
and it is urged that this is equally settled by our
decisions.

This makes necessary an examination of the cases
relied upon by complainant as authority for this posi-
tion. *Ames* v. *Norman*, *supra*, is the leading case.
The facts there were that a deed made to a hus-
band and wife created in them an estate by entirety
in certain realty. During marriage the husband's
interest in this property was levied upon and sold.
Subsequently the wife filed her bill against her hus-
band for divorce, and joined with him, as a defend-
ant, Norman, who as a judgment creditor, had
redeemed from the execution purchaser. This was

done for the purpose of obtaining a decree cancel-
ing or extinguishing Norman's title, and having the
land settled upon complainant. The decree thus
asked for was passed by the Chancellor, and Nor-
man brought the case to this Court for review. A
careful reading of the reporter's synopsis of the
pleadings and evidence, as well as of the briefs of
the respective counsel, fails to discover any intima-
tion that Norman was in possession of the land in
controversy, or that complainant was out of posses-
sion. It is certain that, so far as the redeeming
creditor was concerned, the suit was purely defen-
sive, a defense on his part limited to the title ac-
quired by him as the result of the execution sale.
He did not by cross bill or otherwise, so far as
the reporter's notes or argument of counsel indicate,
set up a claim to possession or to rents and profits.
The stress of his contention was that a husband has
a leviable interest in an estate by entirety, which
passes to the purchaser at an execution sale, and
through him to the redeeming creditor, and that
the interest thus acquired by the latter was not
affected by the subsequent divorce of the husband
and wife.

These were the only points involved in that case,
and this Court, upon abundant authority, resolved
both of them in favor of Norman, and reversed the
Chancellor in so far as he had held otherwise. It
is true, in the course of the opinion, that the learned
Judge delivering it said: "The defendant, by his

purchase, became invested with the right of the husband as it existed at the time of the sale; that is, a right to occupy and to enjoy the profits of the land as owner during the joint lives of husband and wife." This statement, however, was not called for by any issue in the case. It was, therefore, a *dictum*, and not controlling as authority.

*Jackson* v. *Shelton*, 5 Pick., 82, and *Hopkins* v. *Fowlkes*, 8 Pick., 697, also relied on by complainants, have no bearing on the question now being considered. The first of these involved the right of a divorced wife to a homestead in property held with her husband prior to the divorce, as an estate by entirety, while the second held that such an estate was converted into a tenancy in common by a divorce *a vinculo*.

We think it apparent that the furthest limit to which this Court has gone, is in holding that the purchaser of the husband's interest in such an estate stands in his shoes so far as ultimate survivorship is concerned, but that the question of the purchaser's right to the rents and profits of the property pending the wife's life is yet an open one in this State.

It may be conceded that, at common law, the husband, during coverture, had the unlimited right to the usufruct of this estate, and that he could loan, mortgage, or otherwise make a valid transfer of the possession of the same. *Fairchild* v. *Chartilleaux*, 1 Pa. St., 181; *Barker* v. *Harris*, 15 Wend.,

617; *Jackson* v. *McConnell*, 19 Wend., 175; *Bolles* v. *State Trust Co.*, 27 N. J. Eq., 300.

This right necessarily resulted from the common law view of the effect of marriage upon the wife's property rights. Marriage conferred upon the husband the dominion of the wife's real estate. The rents and profits belonged to him *jure mariti.* They were not only under his personal control, but they could be reached by his creditors. To modify this rule, and to give at least partial protection to married women owning real estate against the creditors of their husbands, as well as against husbands themselves, the Act of 1849–50, embodied in § 3338 of the Code (M. & V.), was passed. That section is as follows: "The interest of the husband in the real estate of his wife acquired by her    .    .    . shall not be sold or disposed of by virtue of any judgment;    .    .    . nor shall the husband and wife be ejected from, or dispossessed of, such real estate by virtue of any such judgment," etc. That this section will protect the wife's realty when held in severalty is clear. Does it not also protect her interest in an estate held in entirety? What is this estate? As was said in *Ames* v. *Norman, supra,* the husband and wife, in such an estate, "do not take in joint tenancy. Constituting one legal person, they cannot be vested with separate or separable interests. They are said, therefore, to take by entireties; that each is seized of the whole estate and neither of a part."

The estate thus held is a unit of indivisible parts, differing from a joint tenancy in that the latter is a unit of divisible parts. In the case of the latter relation, when one joint tenant dies the survivor takes *jus accrescendi*, but in the case of the former estate, upon the death of the husband or wife no new estate arises—there is a mere change in the properties of the legal person holding the originally granted estate. *Stuckey* v. *Keefe's Ex'rs*, 26 Pa. St., 397. Or, as was said in *Thornton* v. *Thornton*, 3 Randolph, 179, "the husband and wife have the whole from the moment of conveyance to them, and the death of either cannot give the survivor more." And during their joint lives the common law, in the case of this anomalous estate, gave to the husband the full and entire control and possession of the property and the right to collect the rents and profits, resting this right, as in the case of the wife's estate in severalty, in *jure mariti*. *Hall* v. *Stevens*, 65 Mo., 670. This estate, therefore, being a "unit of indivisible parts," in which the wife, no less than the husband, "is the owner of the whole from the moment of the conveyance to them," and equally with him entitled to the whole (*McCurdy* v. *Canning*, 64 Pa. St., 38); it being apparent, also, that his right to collect the entire rent rests alone in *jure mariti*, and there being no way for the purchaser of the husband's interest to dispossess him without, at the same time, dispossessing the wife, we have no hesitation in holding

Cole Manufacturing Co. v. Collier.

that the Act of 1849–50, § 3338 of the Code (M. & V.) excludes such purchaser from possession, as against the wife.

It is urged, however, that the case of *Ames* v. *Norman*, *supra*, is against this conclusion. It is sufficient to say, in reply, that an examination of the briefs of the counsel in that case will show that the application of the statute in question was not the subject of suggestion or argument in that case. Even had it been, as the right of possession, as has been already stated, was not an issue in the case, the statement in the opinion that this act did not apply to a wife's interest in an estate by entirety, was *dictum*.

It is proper to say that other Courts of the highest respectability have made a similar application of statutes very much like ours. *McCurdy* v. *Cumming*, *supra*; *Town of Corinth* v. *Embry*, 63 Vt., 505 (S. C., 25 Am. St. R., 780); *Davis* v. *Clark*, 26 Ind., 424 (S. C., 89 Am. Dec.); *Bruce* v. *Nicholson*, 109 N. C., 202 (S. C., 26 Am. St. R., 562). Other points raised in the assignment of errors have been disposed of in our oral opinion. A decree reversing the Chancellor and embracing the conclusions of this Court announced in the oral and the written opinion will be entered.