JAMES McGHEE *v.* ROSA HENRY *et al.*

(*Knoxville.* September Term, 1921.)

1. **HUSBAND AND WIFE.** ''Estate by the entirety'' defined.

An "estate by the entirety" is one limited to the lifetime of the husband and wife and to the continuance of that relationship, and can be ended by the joint conveyance of husband and wife. (*Post, pp.* 550, 551.)

2. **HUSBAND AND WIFE.** Estate by entirety belongs to owners equally, but the interest of neither can be separated except by mutual consent or operation of law.

Each tenant of an estate by the entirety is entitled to an equal interest and to take the whole upon the death of the other, but neither can separate his interest from that of the other except by the joint action of both, or by operation of law. (*Post, pp.* 550, 551.)

3. - **HUSBAND AND WIFE.** Except as to the right of the survivor to the whole, tenants by the entirety have equal rights in the land.

The only limitation of the full property right in lands conveyed jointly to tenants by the entirety is the right of survivorship in the other, and that neither has the power of alienation so as to prejudice the right of the other, but in all other respects they hold the property as if separate individuals, which under the statutes is as tenants in common, and at common law is equal. (*Post, p.* 551.)

4. **HUSBAND AND WIFE.** On simultaneous death of tenants by entirety, heirs of each inherit half.

Where tenants by entirety perish simultaneously, the children and heirs of each inherit a half. (*Post, pp.* 551, 552.)

Cases cited and distinguished: Hopson v. Fowlkes, 92 Tenn., 697; Ames v. Norman, 36 Tenn., 683.

5. **DEATH.** No presumption of survivorship.

Except where the question is governed by a statute, if two or more persons perish in the same disaster without any fact or circumstancè to prove which survived, there is no presumption as to suvivorship. (*Post, p.* 553.)

FROM KNOX

Appeal from the Chancery Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. CHAS. HAYS BROWN, Chancellor.

CHARLES M. ROBERTS, for James McGhee.

JOHN A. HUFF, for Rosa Henry et al.

MR. L. D. SMITH, Special Justice, delivered the opinion of the Court.

This is a partition proceeding. The complainant, James McGhee, claims that he owns a one-half undivided interest in the two certain tracts of land described in the original bill, and concedes that the defendants own the other one-half. The defendants claim that the complainant owns only a one-sixth undivided interest, while they themselves own a five-sixth undivided interest.

James McGhee is the child and only heir at law of Emma L. McGhee Henry, deceased, and the defendants are the only children and heirs at law of Robert H. Henry, deceased, Emma L. McGhee Henry and Robert H. Henry were married some time prior to the 8th of

April, 1910. One of the tracts of land sought to be partitioned was conveyed to Robert Henry and wife, Emma L. McGhee Henry, on April 8, 1910; the other was conveyed to them on the 7th of December, 1910. They owned these tracts or lots of land by the entirety at the time of their deaths. They died simultaneously on the 13th day of January, 1919, by being burned up in a building which was burned down over them at Lonsdale, W. Va.

The chancellor, upon a reference, decreed that the lands were not susceptible of partition in kind and ordered a sale of the lands for division of the proceeds. He decreed that the complainant, as the only heir of Emma L. McGhee Henry, the wife, was entitled to one-half of the proceeds, and that the defendants, the children and only heirs at law of Robert H. Henry, the husband, were entitled to the other one-half. From this decree of the chancellor the defendants appealed to the court of civil appeals. The latter court affirmed the action of the chancellor. The case is now before this court upon a petition for *certiorari* by the defendants, who claim that each of them is entitled to a one-sixth of the entire proceeds and that the complainant is entitled to only a one-sixth instead of one-half as decreed by the chancellor.

There is no question in this record but that Robert H. Henry and his wife, by virtue of deeds executed to them, owned the property in question as tenants by the entirety. Neither is there any question as to whether the husband or the wife survived the other it being stipulated that they died simultaneously in a disaster.

An estate by the entirety is one limited to the lifetime of the husband and wife; indeed, it is one limited

McGhee v. Henry.

to the continuance of the relationship of husband and wife. It is an estate which can be ended by the joint conveyance of husband and wife. It is like a joint estate, in that each is entitled to an equal interest and to take the whole upon the death of the other. It is unlike a joint estate, in that neither can separate his interest from the other except by the joint action of both or by operation of law. This result is based upon the legal notion of the unity of two persons who are husband and wife. "In point of fact," as stated by Mr. Preston, "and agreeable to natural reason, free from artificial deductions, the husband and wife are distinct and individual persons."

It follows from what has been said that every other right than that which has been deduced from this legal notion of unity of husband and wife, that is, on the death of one of them the entire estate goes to the survivor without the power of alienation or forfeiture of either alone to prejudice the right of the other, must be treated as applying to them without respect to their social unity; therefore as being held by them in moieties, as other distinct and individual persons would be. In other words, the only limitation of the full property right in the lands conveyed to them jointly is the right of survivorship in the other, and that neither had the power of alienation so as to prejudice the right of the other. In all other respects they must be treated as holding the property as if they were separate individuals, which under our statutes is as tenants in common, and at common law is equal. Wash. R. P. section 406.

While the exact question presented here has never arisen before in this court or before in any other court

of which we are advised, the principles above stated were applied in *Hopson* v. *Fowlkes,* 92 Tenn., 697, 23 S. W., 55, 23 L. R. A., 805, 36 Am. St. Rep., 120. In that case there was a separation of husband and wife by divorce, and the question presented was the effect of the divorce on this estate by the entirety. It was reasoned therein that the relation of husband and wife was terminated by the divorce; that their interests and duties from thenceforth as related to each other were as though they never existed. The court said, among other things:

"It was that circumstance [marriage], and that alone, which gave to them the joint life estate and the right to joint possession. When the very thing which, by operation of law, gave them a joint estate was destroyed, by operation of the same law the joint estate ceased, and they then became vested with an estate *per my* as tenants in common."

This doctrine was also applied in the case of *Ames* v. *Norman,* 4 Sneed, 683, 70 Am. Des., 269, wherein it was said:

Since "they cannot longer hold by a joint seizin, they must hold by moieties. The law, in destroying the unity of persons between them, has, by necessary consequence, destroyed the unity of seizin in respect to their joint estate; for independent of the matrimonial union this tenancy cannot exist."

Likewise it must be held that the estate is limited by the period of the matrimonial union, and, when death comes to both at the same instant, it must descend as if husband and wife had been tenants in common.

There is no room in this case for the presumption that one or the other survived. The weight of modern authority is, except where the question is governed by statute, if two or more persons perish in the same disaster and there is no fact or circumstance to prove which survived, there is no presumption whatever on the subject. 8 R. C. L., p. 716, and authorities there cited. As heretofore stated, it is stipulated in this case that the husband and wife died simultaneously.

It results, therefore, that there was no error in the decree of the chancery court, and the same is in all respects affirmed, and the case will be remanded to the chancery court for further proceedings not inconsistent with this opinion.