GLADYS RUTH NEWSON, COMPLAINANT, APPELLANT, *v.* A. L. SHACKLEFORD, DEFENDANT, APPELLEE.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

H. H. McCampbell, Jr., for complainant, appellant.

Green, Webb & Bass, for defendant, appellee.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed by complainant, widow of W. F. Newson, to assert claim as surviving tenant of an estate by entireties to the land and crops, including trees and shrubs attached to the soil in a nursery on the premises. The land was conveyed to W. F. Newson and wife, Gladys Ruth Newson, November 22, 1928, for $6800, $2280 of which was unpaid at the death of W. F. Newson in September, 1930. This balance was represented by vendor's lien notes executed jointly by W. F. and Gladys Ruth Newson.

The chancellor decreed that the estate passed to Mrs. Newson as the survivor and with it the shrubs and trees of the nursery, as well as a quantity of hay cut from the land and stored on the premises before the death of W. F. Newson. He decreed further that the balance of purchase money resting as a lien on the land was the primary obligation of Mrs. Newson, and if the holder of the notes collected all or any portion of it from the administrator that she should be required to reimburse him. The defendant excepted to and appealed from so much of the decree as adjudged complainant entitled to the nursery of shrubbery and evergreens and to the hay stored on the premises. Complainant filed the record for writ of error. Both parties assigned errors, defendant to the action of the chancellor in holding that the crops appurtenant to the soil and the hay stored on the premises passed to Mrs. Newson; and complainant to the declaration that the unpaid purchase money notes

were a primary obligation of Mrs. Newson, the surviving tenant.

■ We find no authority to support the conclusion of the chancellor that the joint notes of the husband and wife as purchasers of the estate by entireties become, at death of one tenant, the primary obligation of the surviving tenant. Counsel have cited none. On the contrary, it was held in *Magenheimer* v. *Councilman* (Ind.), 125 N. E., 77, that the husband and wife were joint principals on a note executed by them for the purchase price of land conveyed to them as tenants by entireties; and that each was liable as principal for the whole debt and the husband's administrator having paid the note as a claim against the estate was entitled to contribution from the wife as a joint obligor. See also *Magee* v. *Milligan,* 150 Ind., 582; *Tipton* v. *Elsworth,* 18 Idaho, 207, and *Moore* v. *Carey,* 138 Tenn., 343.

■ The notes executed after the Married Woman's Act removed the common-law disabilities of coverture were a joint obligation of the husband and wife equally binding on both and which the vendor could enforce against them by judgment and execution or. by enforcement of his vendor's lien. Upon principles of equity, the joint obligor who discharged the debt could enforce contribution against the other who was equally bound. *Rhea* v. *White,* 3 Head, 121; Chambliss' Gibson's Suits in Chancery, sec. 966, and cases cited.

The decree of the chancellor will be accordingly modified.

■ W. F. Newson and complainant, his wife; held the estate as tenants by entireties. Each was seized of the whole, neither of a part of it. Each had the whole from the moment of the conveyance to them and the death of

either did not give the survivor more. *Thornton* v. *Thornton,* 3 Randolph, 179; *Stuckey* v. *Keefe's Executors,* 26 Pa. St., 397.

■ The interest of the husband terminated at his death and the estate passed as from the date of the conveyance to Mrs. Newson as the survivor, and the growing crops passed as an appurtenance with the estate. Nothing on the face of that conveyance or in any subsequent contract suggests an intention that crops appurtenant to the soil should be reserved for the benefit of either tenant by entireties. In the absence of such reservation, the growing crops passed with the estate. *Mullins* v. *Hudson,* 2 Tenn. App., 352.

Exception to this general rule, allowed as between landlord and tenant for years or for life and applied to emblements, is without application. The relation of landlord and tenant did not exist. The husband and wife in legal contemplation constituted a unity, holding the estate from the moment of the conveyance to them and which ultimately rested by force of the conveyance in the survivor. That estate consisted of the land and the trees and shrubs annexed to and partaking of the realty and all passed as by deed or will. *Langford* v. *Hudson,* 146 Tenn., 309; *Shofner* v. *Shofner,* 5 Sneed, 950; *Perkins* v. *Reed,* 1 Swan, 80; *Vaughn* v. *Vaughn,* 88 Tenn., 745.

■ Ownership of the hay crop, which was gathered from the estate and stored on the premises by the husband before his death, is governed by *Cole Manufacturing Co.* v. *Collier,* 95 Tenn., 120. This hay crop, it must be inferred there being nothing to the contrary, belonged to the husband and wife as joint occupants of the estate. The wife's interest in proceeds of the farm

jointly owned by husband and wife was not subject to execution for the husband's debts and would not, therefore, pass to the administrator. But her claim to gathered crops could not exceed, in the absence of proof to the contrary, an equal moiety of the rents and profits and so could not exceed half the hay cut from the soil before the wife succeeded to the entire estate. Half the value of the hay crop should have been awarded the wife and the other half to the husband's administrator.

As modified, the decree of the chancellor will be affirmed.