SLOAN *v.* SLOAN *et al.*

(*Knoxville,* September Term, 1944.)

Opinion filed January 6, 1945.

RAULSTON & RAULSTON, of South Pittsburg, for complainant (demurrant to bill of review and appellee).

CHAS. C. MOORE, of Chattanooga, for defendant Harvey (appellant).

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents an original bill in which a wife sued her husband from whom she, though separated, had never been divorced. She joined as a defendant, a purchaser from her husband of two acres of a twenty-acre

tract of land which complainant and the defendant husband held as tenants by the entirety. In this bill she prayed (1) that the sale by the husband without her consent, be held void and of no effect and (2) that Harvey, the purchaser, be ejected and possession be restored to complainant and her husband. She further sought to have Harvey enjoined from waste, trespass and removing certain improvements he had placed on the land. A *pro confesso* having been taken against both defendants, a final decree was entered by a special chancellor which first recites the *pro confesso* and then decrees that the sale by the husband is void and of no effect; that possession of said premises be restored to complainant, and that the purchaser and Ed Sloan, the husband, be enjoined from trespass, waste or removing any improvements from the land. And finally, the decree divests the defendant Harvey of all right, title and interest in the entire twenty-acre tract, and vests the title absolutely in complainant and provides further, that a writ of possession issue against both defendants, to restore complainant to possession of the entire twenty-acre tract which is described by metes and bounds.

The defendant Harvey filed a bill of review for errors of law apparent on the face of the decree, and in the bill he also set out facts on which he prayed specific performance of complainant's alleged contract of sale of the two-acre tract and in the alternative, that he be awarded damages for the improvements he had placed upon it.

A demurrer was filed to the bill of review which was sustained by the chancellor, and it is from this action that the appeal has been perfected and errors assigned.

In so far as the bill of review is filed to correct errors apparent on the face of the decree, it is filed as a matter of right. Gibson 1937 Ed., sec. 1240; *Eaton* v.

*Dickinson,* 35 Tenn. 397; approved in *Miller* v. *Kennedy,* 164 Tenn. 470, 51 S. W. (2d) 1000. Since, however, no leave of the Chancellor was sought or obtained, those matters brought up by the bill of review which do not deal with error apparent on the face of the decree, were properly dismissed by him on demurrer. *McGuire* v. *Gallagher,* 95 Tenn. 349, 32 S. W. 209.

There is no fact stated in the original bill to support the allegation that the husband was guilty of fraud against his wife. The fact that the deed was drawn as a joint conveyance of husband and wife, and a place made for the wife to sign, negatives the idea that such fraud was intended by the husband. Further, the original bill contains nothing to justify an inference that the husband did not have the right to convey his interest in the two-acre tract so far as his estate or interest was separable and so far as he could convey it without infringing on the rights of his wife.

 It is elementary that a deed will be given an interpretation which will cause it to be effective at law in preference to one which would render it inoperative and void. *Hicks* v. *Sprankle,* 149 Tenn. 310, 314, 257 S. W. 1044; *New Memphis Gaslight Co. Cases,* 105 Tenn. 268, 280, 60 S. W. 206, 80 Am. St. Rep. 880. A deed which purports to convey a greater estate than the grantor has will be void only as to the excess and will be construed as a conveyance of that which it was in his power to convey. 26 C. J. S., Deeds, sec. 122, p. 418; *Cobb & Wife* v. *Sanders,* 1 Tenn. App. 326, 337. The purchaser of a husband's interest in an estate by the entirety where the wife does not join, stands in the husband's shoes so far as ultimate survivorship be concerned. If the husband survives the wife the purchaser takes the entire estate, but since during the joint lives of husband and wife, their respective

rights are inseparable, the purchaser from the husband takes no present right to possession. *Cole Mfg. Co.* v. *Collier*, 95 Tenn. 115, 120, 31 S. W. 1000, 30 L. R. A. 315, 49 Am. St. Rep. 921; *Newson* v. *Shackleford*, 163 Tenn. 358, 361, 362, 43 S. W. (2d) 384.

■ ■ The error of law apparent on the face of the decree is that the special chancellor in the decree, declared the husband's conveyance void *ab initio*, and divested all rights and title of his purchaser, when complainant's rights as they were stated in her original bill required only a construction of the deed from the husband to his purchaser, limiting the conveyance to those rights of the husband which were separable and which he, by separate deed, was legally able to convey. There are other errors of law apparent, such as the inclusion in the decree of the entire twenty-acre tract and the injunction against the husband on the whole of it, but since these matters do not affect the rights of the defendant Harvey and the husband has not perfected an appeal, we do not consider them here. *Harmon* v. *Harmon,* 141 Tenn. 64, 206 S. W. 333; *Glosson* v. *Glosson,* 104 Tenn. 391, 393, 58 S. W. 121.

For the reasons stated, the decree of the Chancellor is reversed and the case remanded for further proceedings consistent with this opinion.