**WHITTAKER et al. v. KAVANAGH, Collector of Internal Revenue.**

Civ. A. 10430.

United States District Court
E. D. Michigan, S. D.

June 12, 1951.

Edward L. Bryant, Detroit, Mich., for plaintiffs.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Frederic G. Rita, Sp. Assts. to the Atty. Gen., Edward T. Kane, U. S. Atty., H. M. Gottlieb, Asst. U. S. Atty., Detroit, Mich., for defendant.

LEVIN, District Judge.

An order having been duly granted by this court on May 8, 1951, requiring the de-

fendants to show cause why an injunction *pendente lite* should not issue according to the prayers of the bill of complaint and the amended bill of complaint and the matter having duly come on to be heard on the 28th day of May, 1951, before this court; and the defendant, Giles K. Kavanagh, Collector of Internal Revenue, having appeared by Edward T. Kane, United States Attorney (Frederic G. Rita, Esquire, Special Assistant to the Attorney General, of counsel), and the plaintiffs having appeared by Edward L. Bryant, their attorney; and the parties having submitted their allegations and proofs and after hearing counsel for the respective parties and due deliberation having been had thereon, the court finds the facts as follows and makes the following conclusions of law:

### Findings of Fact

1.

That the plaintiffs Alfred H. Whittaker and Margaret E. Whittaker are residents of the Eastern District of Michigan.

2.

That on or about the 15th day of March, 1944, the plaintiffs filed a joint income tax return for the year 1943.

3.

That on or about the 30th day of January, 1947, the plaintiffs Alfred H. Whittaker and Margaret E. Whittaker executed a consent fixing period of limitation upon assessment of income and profits taxes for the taxable year 1943 wherein and whereby it was agreed that any additional income, excess profits or war profits taxes due under their return for the year 1943 might be assessed at any time on or before June 30, 1948.

4.

That on or about the 26th day of May, 1947, the plaintiffs Alfred H. Whittaker and Margaret E. Whittaker executed a written waiver of the restrictions upon assessment and collection of a deficiency in tax for the year 1943 and thereby consented that additional taxes for the year 1943 might be immediately assessed against them.

5.

That pursuant to said waiver there was assessed against the plaintiffs Alfred H. Whittaker and Margaret E. Whittaker as additional taxes for the year 1943 the sum of $2,046.60, with interest in the sum of $402.45 or a total sum of $2,449.05.

6.

That the plaintiff Alfred H. Whittaker filed individual income tax returns for the calendar years 1944, 1945 and 1946.

7.

That on July 27, 1949, the Commissioner of Internal Revenue determined that there were deficiencies in respect to the plaintiff Alfred H. Whittaker's income taxes for these years, 1944, 1945 and 1946.

8.

That the plaintiff Alfred H. Whittaker timely filed a petition with the Tax Court of the United States for a redetermination of the deficiencies proposed in said notice and appeared in said Tax Court by John J. Raymond, his attorney.

9.

That on or about March 9, 1951, a stipulation in writing was entered into between the attorney for said Alfred H. Whittaker and the Chief Counsel for the Bureau of Internal Revenue that there were deficiencies in the plaintiff's income taxes for 1944, 1945 and 1946, as follows:

(a) That there is a deficiency in Federal income tax in the amount of $4,124.64 and a penalty in the amount of $206.23 due from this petitioner for the taxable year ended December 31, 1944;

(b) That there is a deficiency in Federal income tax in the amount of $4,844.47 and penalties in the total amount of $484.44 due from this petitioner for the taxable year ended December 31, 1945;

(c) That there is a deficiency in Federal income tax in the amount of $3,544.74 and a penalty in the amount of $177.24 due from this petitioner for the taxable year ended December 31, 1946;
and it was further stipulated that upon said stipulation the Tax Court of the United States could enter its decision accordingly.

**10.**

That on March 23, 1951, pursuant to the aforesaid stipulation an order was duly made and entered by the Tax Court of the United States determining the deficiencies of the plaintiff Alfred H. Whittaker for the years 1944, 1945 and 1946, in accordance with the terms of said stipulation. Thereafter, said deficiencies were duly assessed pursuant to the Tax Court determination.

**11.**

Although demand for payment has been made, no part of the additional income taxes for the year 1943 of the plaintiffs Alfred H. Whittaker and Margaret E. Whittaker has been paid, except insofar as money realized by the Collector of Internal Revenue from levies made has been credited in part payment of said taxes. No part of the income taxes of the plaintiff Alfred H. Whittaker for the years 1944, 1945 and 1946 has been paid, although demand for payment of said taxes has been made.

**12.**

That the plaintiffs are the owners as tenants by the entirety of certain real property known and designated as 1427 East Jefferson Avenue, Detroit, Michigan.

**13.**

That the defendant, Giles K. Kavanagh, Collector of Internal Revenue, has issued warrant for distraint and filed notices of federal tax liens with the Register of Deeds of Wayne County, Michigan, and the Clerk of the United States District Court at Detroit, Michigan, upon the said real property for the taxes assessed against the plaintiffs for the calendar year 1943.

**14.**

That the defendant, Giles K. Kavanagh, Collector of Internal Revenue, has issued warrants for distraint and filed notices of federal tax liens with the Register of Deeds of Wayne County, Michigan, and the Clerk of the United States District Court at Detroit, Michigan, upon all property of the plaintiff Alfred H. Whittaker for the taxes due for the years 1944, 1945 and 1946.

Conclusions of Law

**1.**

The taxes assessed against the plaintiffs Alfred H. Whittaker and Margaret E. Whittaker, as aforesaid, were in all respects lawfully and properly assessed.

**2.**

That the real property held by the plaintiffs as tenants by the entirety is not exempt from levy for their joint obligation.

**3.**

That this court is without jurisdiction of the subject matter of this suit because it is a suit to restrain the collection of internal revenue taxes the maintenance of which is prohibited by Section 3653 of the Internal Revenue Code, 26 U.S.C.A. § 3653.

And upon the foregoing findings of fact and conclusions of law it is

**1.**

Ordered that the plaintiffs' application for a preliminary injunction be and the same is hereby denied and, since this Court is without jurisdiction of the subject matter of this suit, it is

**2.**

Ordered, adjudged and decreed that the complaint be dismissed without costs.