UNITED STATES of America

v.

Lonnie Marion RAGSDALE, Bessie Ragsdale, Libio J. Barsotti, Genevieve Barsotti, Louis J. Barsotti, Gloria Jean Barsotti.

Civ. A. No. 4177.

United States District Court
W. D. Tennessee, W. D.

June 29, 1962.

Edward N. Vaden, Memphis, Tenn., James F. Shepherd, Tax Division, Dept. of Justice, Washington, D. C., for plaintiff.

Hubert A. McBride, Thomas F. Johnston, Memphis, Tenn., for defendants.

BROWN, District Judge.

This is an action filed by the United States to reduce to judgment income tax deficiencies of two of the defendants and to foreclose income tax liens on certain property of those defendants. The trial was had before the Court without a jury, and this memorandum decision has been prepared and filed in lieu of findings of fact and conclusions of law.

It appears that the defendant taxpayers, Lonnie M. and Bessie Ragsdale, are husband and wife and are residents of Memphis, Tennessee. It further appears that income tax deficiencies were assessed against them jointly for the years 1943 and 1954 and that deficiencies were assessed against Mr. Ragsdale individually for the years 1945, 1946 and 1947. These deficiencies were assessed pursuant to stipulations entered in the Tax Court, where the taxes for all said years except 1954 were in litigation, and pursuant to a waiver of restrictions on assessment and collection (Treasury Form 870) as to the year 1954. Notice of tax liens were duly filed in 1958 and 1959. The correctness of the assessments as set out in the Government's complaint is not contested by defendant taxpayers.

■ On April 20, 1959, the Government collected the sum of $2,390.21 as a result of a levy on a bank account of Mr. Ragsdale and credited this amount against his individual tax liability for the year 1945. It is his contention that this amount should have been credited against the joint liability for the year 1943, the earliest year as to which he was liable for a deficiency, because he so directed. The answer to this contention, without determining whether a taxpayer may so control the application of a payment, is that there is nothing in the record to indicate that, at the time the collection was made, Mr. Ragsdale directed or even requested that it be applied against the joint liability for the year 1943. Defendants offered no proof whatsoever at the trial, and the testimony of a Revenue Agent, who was the sole witness, and the exhibits and stipulations do not indicate that Mr. Ragsdale so directed the application of the payment. Therefore, the Court finds and holds that the Government was entitled to apply, as it did apply, the amount collected to the individual

liability of Mr. Ragsdale for the year 1945.

The more difficult issues result from the effort of the Government to foreclose its tax liens on certain property of defendant taxpayers. It appears that in 1954, they sold a parcel of real estate located in Memphis to defendants Libio J. Barsotti and Louis J. Barsotti who executed a promissory note, payable in installments, to defendant taxpayers. This note was secured by a deed of trust covering the real estate, and was executed by the defendants Barsotti and their wives, the wives also being defendants in this action. It is this promissory note that the Government seeks to have sold in satisfaction of its tax liens. A levy has heretofore been had by the Government, which has been served on the defendants Barsotti, who thereafter have made the installment payments to the Government. Moreover, on the Government's motion, defendant taxpayers have been required to deliver possession of this note to the Clerk of this Court.

■ There is no question but that the Government has a lien on this note by virtue of Sec. 6321 et seq. of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6321 et seq. and that in a proper case this Court may order foreclosure of a tax lien. Int.Rev.Code of 1954, § 7403, 26 U.S.C.A. § 7403.

■ The first contention of defendant taxpayers is that the Government cannot foreclose this lien in this action because the trustee under the deed of trust which secures the note was not made a party to this action. This contention seems to be based on the notion that the foreclosure herein sought involves a foreclosure of the deed of trust. Of course, it does not involve a foreclosure of the deed of trust; the foreclosure of these tax liens simply involves a sale of this note owned by defendant taxpayers which note is secured by the deed of trust.

■ The next contention of defendant taxpayers is that the note cannot be sold in foreclosure of the tax liens because it is payable in installments. While this contention might be valid with respect to claims of taxpayers which are contingent and not yet in existence, where, as here, the debt is owed to taxpayers but payment thereof is merely deferred, there seems to be no reason why the debt, represented by the note, cannot be sold. The Government is not seeking acceleration of the installments; it is seeking only to sell the installment note.

The next controversy has to do with whether the promissory note is owned by the defendant taxpayers as tenants by the entirety and if so, what are the rights of the Government as to foreclosure on this note.

■ The Government and taxpayers agree that these questions must be answered by Tennessee law. United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). Moore v. Glotzbach, 188 F.Supp. 267 (E.D.Va.1960). Pilip v. United States, 186 F.Supp. 397 (D.Alaska 1960). The Government also concedes that personalty may, under Tennessee law, be held by a husband and wife as tenants by the entirety. Oliphant v. McAmis, 197 Tenn. 367, 273 S.W.2d 151 (1954). It contends, however, that as the promissory note does not provide that taxpayers shall hold as tenants by the entirety and as no proof was offered that they intended so to own the note, it cannot be inferred that they intended to do so, citing the Oliphant case, supra. The Oliphant case actually holds that even where the instrument conveying title to personalty shows only the name of the husband, it may be proved by surrounding circumstances as well as statements of the husband that he intended to hold as a tenant by the entirety and such a tenancy thereby established. This case also holds that a joint bank account in the name of a husband and wife is held by the entirety. The rule likewise seems to be that husband and wife hold by the entirety where they are both named in the instrument even though, as here, they are not described therein as husband and wife. 26 Am.Jur., Husband and Wife

§ 68. It therefore appears, and the Court so finds and holds, that the promissory note is owned by defendant taxpayers as tenants by the entirety.

[8] The next question is whether the Government has the right to require the sale of the interest of both defendant taxpayers in the note to satisfy their joint tax liability. Defendant taxpayers insist that the Government does not have the right, without citing authority or advancing a reason for this conclusion. It seems that the interest of both spouses as tenants by the entirety may be sold to satisfy their joint liability. Newson v. Shackleford, 163 Tenn. 358, 361, 43 S.W. 2d 384 (1931). Moore v. Cary, 138 Tenn. 332, 343, 197 S.W. 1093, L.R.A.1918D, 963 (1917). Whittaker v. Kavanagh, 100 F.Supp. 918 (E.D.Mich.1951). Pilip v. United States, supra. 26 Am.Jur., Husband and Wife § 86.

The remaining question has to do with the disposition of the balance of the proceeds of the sale after satisfying the joint tax liability of Mr. and Mrs. Ragsdale. In answering this question, we must first determine whether the proceeds of the sale will be held by them as tenants by the entirety. While there seems to be no Tennessee authority, the general rule seems to be that proceeds of a foreclosure sale of property held by the entirety maintain the characteristics of a tenancy by the entirety. Annot., 64 A.L.R.2d 8, 60.

It is the position of the Government, nevertheless, that at least some part of the balance of the proceeds can forthwith be applied against Mr. Ragsdale's individual tax liability, while defendant taxpayers contend that this balance must be turned over to them as tenants by the entirety.

Under Tennessee law a husband's interest in property held by the entirety can be sold to satisfy his individual debt, and the purchaser becomes the owner of the husband's right of survivorship. Cole Mfg. Co. v. Collier, 95 Tenn. 115, 31 S.W. 1000, 30 L.R.A. 315 (1895). Sloan v. Sloan, 182 Tenn. 162, 184 S.W.2d 391 (1945). Gemignani v. Partee, 42 Tenn.App. 358, 302 S.W.2d 821 (1956). It would therefore seem that, after the sale of the note and the application of the proceeds first to the joint liability, the Government will be the owner of Mr. Ragsdale's right of survivorship in the balance. To enforce and protect this right of the Government, this balance should and will be held by the Clerk of this Court pending the death of Mr. or Mrs. Ragsdale. See 41 C.J.S., Husband and Wife § 34 and Annot., 64 A.L.R.2d 8, 60. If Mr. Ragsdale survives, the Government will be entitled to the entire fund to the extent necessary to satisfy his individual liability, which was assessed for the years 1945, 1946 and 1947, together with interest. If he does not survive, the Government will not be entitled to any part of this balance. In the meantime, the Clerk is authorized but not directed to invest the fund in Government bonds. As to the income derived from such an investment, the Cole Mfg. Co. case, supra, by dicta, indicates that the Government might not be currently and from time to time entitled to any part thereof as it accrues and is received by the Clerk, but there is respectable authority to the contrary. See 26 Am.Jur., Husband and Wife § 85. In any event, if the Clerk does invest the fund as herein authorized, he is directed to pay over one-half of the income to the Government as it is received in payment of Mr. Ragsdale's individual tax liability. The other one-half of such income should, of course, be distributed to Mrs. Ragsdale.

An order will be prepared and entered consistent with this Memorandum Decision.