JAMES E. COVINGTON, Receiver, Appellant,

*v.*

T. L. MURRAY et al., Appellees.

416 S.W.2d 761.

(*Nashville,* December Term, 1966.)

Opinion filed April 26, 1967.

Petition for Rehearing Denied July 3, 1967.

D. L. LANSDEN, of counsel, WALLER, LANSDEN & DORTCH, Nashville, for appellant.

IRA E. PARKER, III, of counsel, HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for appellees.

Mr. Justice Chattin delivered the opinion of the Court.

A general creditors' proceeding was instituted against the Nashville Baseball Club. In the proceeding James E. Covington, the appellant in this case, was appointed Receiver for the Club.

Pursuant to authority given him in that proceeding, Covington filed the bill in this cause against T. L. Murray, the former President and a Director of the Club, his wife, Emily Murray, and other former Directors. The bill alleged mismanagement and breach of fiduciary duty on the part of the defendants and sought damages.

It was further alleged that after the general creditors' bill had been filed, the defendant, T. L. Murray, had fraudulently conveyed to his wife, Emily, certain real

estate which had been held by them as tenants by the entirety.

The prayer of the bill was that the conveyance be set aside as null and void as to the Receiver, except to the extent the conveyance terminated the tenancy by the entireties in the said real estate.

By their answer, Murray and wife denied the conveyance was fraudulent.

By a consent decree of the parties the defendants were permitted to sell the real estate free from any lien which might have been acquired by the Receiver on the filing of the bill, on the condition the funds derived from the sale be deposited in the registry of the court to await adjudication of the Receiver's rights in the property. The property was sold and the fund deposited in court. It was agreed the funds stood in the place and stead of the real estate and whatever rights the parties had in the property would apply to the fund.

Thereafter, T. L. Murray died and the cause was revived against Commerce Union Bank, the Executor of his estate. Mrs. Murray then moved for an order of distribution to her of the fund. The Chancellor granted the motion and ordered the entire proceeds paid to her. The Receiver was granted a discretionary appeal to this Court.

The Chancellor reasoned that if the conveyance by the deceased to his wife was valid as to his creditors, she took a fee simple estate under T.C.A. Section 64-110, which permits a husband to convey his interest in a tenancy by the entireties to his wife directly; and that on the other hand, if the conveyance was invalid and subject to be set aside for fraud by the creditors, she would retain her original estate as a tenant by the entirety, which,

on her husband's death, ripened into a fee simple estate by right of survivorship. Accordingly, the Chancellor held in either event Mrs. Murray became the owner of the property in fee simple free from any claims of her deceased husband's creditors.

If the conveyance of the deceased to his wife was valid, the Receiver had no interest or lien on the property or funds, since the Receiver represented the creditors of the deceased only.

The question presented by the appeal is whether the conveyance, if fraudulent, destroyed the tenancy by the entireties and thereafter deceased and his wife held the property as tenants in common. In the event the conveyance was fraudulent and destroyed the tenancy by the entireties and deceased and his wife thereafter held the property as tenants in common, then the deceased's creditors would be entitled to one-half of the funds.

The Receiver insists the Chancellor erred in holding as a matter of law Mrs. Murray was entitled to the entire proceeds of the sale even though the conveyance of T. L. Murray to his wife was fraudulent.

It is our opinion the decree of the Chancellor should be affirmed.

It is argued by the Receiver if the conveyance of Murray to his wife was fraudulent, which is conceded by appellees for the purpose of this appeal, T. L. Murray and his wife became tenants in common in the real estate, and a lien attached to the one-half undivided interest of T. L. Murray on the filing of the bill.

In support of this argument, the Receiver cites and relies on the case of *McGhee v. Henry,* 144 Tenn. 548, 234 S.W. 509, 18 A.L.R. 103 (1921).

In that case, a husband and wife owned real estate by the entireties. Both died simultaneously in a fire. The wife left a son as her only heir at law. The husband left several children as his heirs at law.

The son of the wife filed a partition proceeding. He insisted he owned a one-half undivided interest in the real estate and conceded the children of the deceased husband owned a like interest. The defendant insisted they owned a five-sixths undivided interest and plaintiff a one-sixth undivided interest.

In the course of the opinion this Court said:

"An estate by the entirety is one limited to the lifetime of the husband and wife; indeed, it is one limited to the continuance of the relationship of husband and wife. It is an estate which can be ended by the joint conveyance of husband and wife. It is like a joint estate, in that each is entitled to an equal interest and to take the whole upon the death of the other. It is unlike a joint estate, in that neither can separate his interest from the other except by the joint action of both or by operation of law. This result is based upon the legal notion of the unity of two persons who are husband and wife.

\* \* \* \* \* \*

"In all other respects they must be treated as holding the property as if they were separate individuals, which under our statute is as tenants in common, and at common law is equal.

\* \* \* \* \* \*

"Likewise, it must be held that the estate is limited by the period of the matrimonial union, and, when death comes to both at the same instant, it must de-

scend as if husband and wife had been tenants in common.''

■ It is, thus, clear this case does not support the contentions of the Receiver a conveyance by a husband to his wife in fraud of his creditors converts a tenancy by the entireties into a tenancy in common. Neither tenant by the entirety can separate his or her interest, ''from the other except by joint action of both or by operation of law.'' *McGhee v. Henry,* supra. As between deceased and his wife, the conveyance converted the tenancy by the entireties into a fee simple estate in the wife. T.C.A. Section 64-110.

■ The conveyance in fraud of creditors is not merely voidable at the option of creditors, but is absolutely void as if it never existed. Though good as between the parties, it is to be treated when those, as to whom it is void, are contesting it, as though it were void for every purpose. *Banks v. Thomas,* 19 Tenn. 28 (1838); *Russell v. Stinson,* 4 Tenn. 1 (1816).

Accordingly, if the conveyance was fraudulent, it was void ab initio as to the creditors. And, as to them, in the event the deed was set aside at their insistence, the tenancy by the entireties would have been restored and Mrs. Murray took a fee simple title on the death of her husband.

■ It is next insisted by the Receiver the Executor of the estate of the deceased and Mrs. Murray were estopped to assert the deed to Mrs. Murray did not destroy the tenancy by the entireties which previously existed in the property.

■ As we have seen the deed was good as between the parties and Mrs. Murray took the fee. We fail to see

how the doctrine of estoppel by deed would assist appellant in his theory the deed being fraudulent as to Murray's creditors created a tenancy in common between his wife and him.

"The doctrine of estoppel may be urged to protect a right, but never to create one." *Price v. Tenn. Prod. & Chem. Corp.*, 53 Tenn.App. 624, 385 S.W.2d 301 (1964).

█ The rights of the creditors of the deceased in the property prior to his conveyance to his wife were only a contingent interest in the husband's right of survivorship. The lien created by the filing of the bill could only attach to the interest owned by the deceased as a tenant by the entirety.

The application of the doctrine of estoppel by deed would not create a greater right.

All assignments of error are overruled and the decree of the Chancellor is affirmed with costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.

## Opinion on Petition to Rehear

Petitioner has filed a very forceful and earnest petition to rehear.

Petitioner insists we misconceived his theory. He argues he relied upon the case of *McGhee v. Henry,* 144 Tenn. 548, 234 S.W. 509, 18 A.L.R. 103 (1921), for the proposition the only difference between an estate by the entirety and an estate held as a tenant in common is the right of survivorship; and that in all other respects tenants by the entireties are equal owners of the property. That the right of survivorship was terminated by

the voluntary conveyance of Murray to his wife of his interest in the property.

Petitioner states his theory is, after the conveyance was made and the original bill filed in this cause, the wife took the fee simple title to the property subject to the lien in favor of the husband's creditors, which lien extended to his interest in the property, and which was a one-half interest.

It is then argued since the deed from Murray to his wife is good as between them, neither Murray's Executor nor Mrs. Murray can say the conveyance did not destroy the tenancy by the entireties. This being true, applying T.C.A. Section 64-317 to the facts of this case, the conveyance is "set aside to the extent necessary to satisfy the creditor's claim; the lien of the creditor is satisfied only to the extent of the interest of the husband to the property."

T.C.A. Section 64-317 provides:

"Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser, (a) have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (b) disregard the conveyance and attach or levy execution upon the property conveyed."

We said in our original opinion the rights of the creditors of the deceased in the property prior to the conveyance to his wife were only a contingent interest in the husband's right of survivorship.

The lien created by the filing of the bill could only attach to the interest owned by the deceased as a tenant by the entirety; and the doctrine of estoppel could not create a greater right.

In the event the deed was set aside or annulled as provided by T.C.A. Section 64-317 at the insistence of the creditors then, as to them, the deed creating the tenancy by the entireties would be restored.

 The lien of the creditors on the right of survivorship of Murray was extinguished by his death.

In *Sloan v. Sloan,* 182 Tenn. 162, 184 S.W.2d 391 (1945), the Court said:

"The purchaser of a husband's interest in an estate by the entirety where the wife does not join, stands in the husband's shoes so far as ultimate survivorship be concerned."

The deed, though fraudulent as to the creditors of the deceased, did not create a greater right in his creditors than that which existed prior to its execution.

The petition is denied at the cost of petitioner.