**Herman A. CLARK, Duane Clark, Galen Clark and Nancy Clark, Plaintiffs-Appellants,**

v.

**Dannice J. CLARK, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 29, 1981.

Appeal Denied by Supreme Court Aug. 31, 1981.

F. Dulin Kelly, J. Randall Exum, Hendersonville, for plaintiffs-appellants.

David J. Tarpley, Legal Services of Middle Tennessee, Inc., Nashville, for defendant-appellee.

OPINION

CANTRELL, Judge.

This action for a declaratory judgment seeks an interpretation of a divorce decree which dissolved the marriage of the parties, and made their interests in their home that of tenants in common, subject to "any encumbrances thereon."

Herman A. Clark and Dannice J. Clark were married December 4th, 1951. The union produced three sons, Duane Clark, Kevin Clark, and Galen Clark; one of the sons is now deceased and Nancy Clark is his widow and sole heir-at-law.

Dannice J. Clark filed suit for divorce on August 20th, 1974. At that time the home of the parties was encumbered by first and second mortgages totaling approximately $51,000.00. On December 20th, 1976, while the divorce was pending and without the knowledge of his estranged wife, Herman Clark executed a deed of trust to himself as trustee for his children granting another mortgage on the premises to secure the payment of a $90,242.70 note. The note, made to the children, bore no interest and was payable on or about January 1st, 2026.

Herman Clark filed an answer and counterclaim in the divorce court on March 15, 1977 and was awarded a divorce by a decree entered on December 17, 1977. The decree, after making disposition of other property, incorporated this provision with respect to the home of the parties:

> 3. Plaintiff and Defendant will hereinafter hold the property described below as tenants in common, subject to any encumbrances thereon, and that in the event of the sale of said property, the equity will be divided equally between the parties, same being: [Here follows a description of the property]

The plaintiffs by this action seek a declaration that the term "any encumbrances" in the decree makes the deed of trust executed by the husband alone an encumbrance affecting the entire property. The Trial Judge held that it does not. We affirm.

Any attempt by one spouse without the consent of the other to convey an

interest in property held by the entirety is wholly ineffective to encumber or transfer the interest of the non-consenting spouse. *Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn. 1974); *Covington v. Murray*, 220 Tenn. 265, 416 S.W.2d 761 (1967). A husband cannot sell or encumber anything but his own interest in an estate owned by the entireties. *Irwin v. Dawson*, 197 Tenn. 314, 273 S.W.2d 6 (1965). That interest is the right the husband has in the estate in the event the wife predeceases him, the right of survivorship. *Cole Manufacturing Co. v. Collier*, 95 Tenn. 115, 31 S.W. 1000 (1895). The divorce decree making the property subject to "any encumbrances" would only subject the property to the encumbrances that existed as of the date of the decree. The decree did not, by its express terms or by any reasonable interpretation, elevate the deed of trust which attached only to the husband's interest to an encumbrance attaching to the entire fee. Therefore the wife's interest in the property, now held as a tenant in common is free of the encumbrance of the deed of trust executed prior to the divorce by the husband alone.

For these reasons the judgment of the Trial Court is affirmed. The costs on appeal will be taxed to the appellant.

AFFIRMED.

LEWIS, and CONNER, JJ., concur.