In re Jacob F. BUTCHER a/k/a Jake F. Butcher, Jake Butcher and JFB Petroleum & Land Company, Inc., Debtor.

Bankruptcy No. 3–83–01036.

United States Bankruptcy Court, E.D. Tennessee.

May 5, 1986.

Bass, Berry & Sims, J.O. Bass, Jr., W.W. Dietz, Nashville, Tenn., for trustee.

Troutman, Sanders, Lockerman & Ashmore, Ezra H. Cohen, Mary Grace Diehl, Atlanta, Ga., Maguire, Voorhis & Wells, P.A., Michael G. Williamson, Orlando, Fla., for Sonya W. Butcher.

Neal & Harwell, William T. Ramsey, Nashville, Tenn., for debtor.

Winstead, McGuire, Sechrest & Minick, Thomas G. Schroeter, Joseph J. Weilebinski, Dallas, Tex., for Mercantile Nat. Bank at Dallas.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

### I

An involuntary chapter 7 case was commenced against the debtor Jacob F. Butcher on June 29, 1983. This court entered an

order for relief on August 22, 1983. Following the debtor's failure to timely file a list of exemptions, the debtor's wife Sonya W. Butcher filed a list of assertedly exempt property on his behalf pursuant to Bankruptcy Rule 4003(a).

The schedule of asserted exemptions reads as follows:

I. The following property is being claimed as exempt under 11 U.S.C. § 522(b)(2)(B) to the extent that the property is immune from execution under applicable state law as property held by Sonya W. Butcher and her husband, Jake Butcher, as tenants by the entirety:

| Type of Property | Location, Description, Etc. | Statute | Value Claimed Exempt |
|---|---|---|---|
| Former marital homestead | Real property, improvements and fixtures, located at Rt. 4, Clinton, Anderson Cty, Tennessee. | 11 U.S.C. § 522(b)(2)(B) | Full Value |
| Condominiums | Two condominium units, located at 2001 Sailfish Point, Nos. 316 and 14, Stuart, Florida. | | |
| Personal property—furniture, lawn and grounds equipment used by family other than such non-income producing property that is already owned by Sonya W. Butcher or Jake Butcher's clothes and personal effects which are owned by him. | Former marital homestead, present marital homestead, condominium at Trafalger Square in Knoxville, Tennessee. | | |

II. The following property is being claimed by Sonya W. Butcher, Individually, and on behalf of Jason and Brad Butcher, as comprising the family's present marital homestead:

| Type of Property | Location, Description, Etc. | Statute | Value Claimed Exempt |
|---|---|---|---|
| Marital homestead | Lot 9, Bloc C, SWEETWATER CLUB UNIT 2, according to plat thereof, recorded in Plat Book 21, Pages 77–79, Public Records of Seminole County, Florida. | 11 U.S.C. § 522(b)(2)(B) and Florida Constitution Art. X, Section 4. | Full Value |

Schedule of "Property Claimed as Exempt on Behalf of Debtor by Dependents of Debtor" (filed October 6, 1983).

---

The debtor's trustee in bankruptcy, Mercantile National Bank at Dallas and Shawmut Bank of Boston have objected to the exemptions claimed by the debtor's wife on behalf of the debtor.

The parties have stipulated the following: (1) the Anderson County, Tennessee, residence and the Sailfish Point condominiums in Stuart, Florida, were owned by the debtor and his wife as tenants by the entirety

on the date of the filing of the petition; (2) the Seminole County, Florida, residence (acquired by deed dated May 23, 1983, and recorded June 2, 1983) was owned on the date of the petition by the debtor and his wife as tenants by the entirety as to an undivided one-half interest, and by the debtor's wife, as trustee for her children, as to the remaining undivided one-half interest; (3) the debtor was domiciled in Tennessee for the greater part of 180 days prior to the filing of the petition; and (4) there are joint creditors of the debtor and his wife.[1]

## II

■ As noted, the exemptions asserted with respect to the various property held as tenants by the entirety are based upon 11 U.S.C.A. § 522(b)(2)(B) (West 1979).[2]

However, the exemption claim, objections, briefs and arguments of the parties were all submitted prior to the rendering of the Sixth Circuit's decision in *Liberty State Bank and Trust v. Grosslight (In re Grosslight),* 757 F.2d 773 (6th Cir.1985). The holding in *Grosslight* is clearly dispositive here. In *Grosslight* the court concluded that, where state law permitted joint creditors of a husband and wife to reach entireties property, an individual debtor husband's interest in entireties property was not exempt under § 522(b)(2)(B) in his individual case from claims asserted in his

case by creditors who were joint creditors of both the debtor and his non-filing spouse. Under Tennessee law joint creditors of both spouses can reach property held as tenants by the entirety. *United States v. Ragsdale,* 206 F.Supp. 613 (W.D. Tenn.1962).

Accordingly, the exemptions claimed by Sonya W. Butcher on behalf of Jacob F. Butcher will be denied insofar as they purport under § 522(b)(2)(B) to exempt from the claims of joint creditors the debtor's interest in property held as a tenant by the entirety with his wife.

## III

■ With respect to the question of a homestead exemption, the parties have stipulated, as noted, that the debtor was domiciled in Tennessee for the greater part of 180 days prior to the filing of the involuntary petition. Clearly, then, Tennessee state law governs his right to a homestead exemption. 11 U.S.C.A. § 522(b)(2)(A) (West 1979).[3] The debtor is not entitled to a homestead exemption under Florida law. The attempt of the debtor's wife to assert on the debtor's behalf a homestead exemption in the Florida property under Florida law will be denied.[4]

1. Involuntary chapter 7 proceedings were commenced against the debtor's wife on September 9, 1983. This court entered an order for relief on March 28, 1984. On April 10, 1984, Sonya Butcher filed a statement of conversion to a chapter 11 case, and on April 12, 1984, this court entered an order for relief in the chapter 11 case. On August 15, 1985, upon motion of the Federal Deposit Insurance Corporation, Sonya Butcher's case was converted back to a chapter 7 case.

2. This section provides:

    (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...
    (2)(A) ...
    (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety

or joint tenant is exempt from process under applicable nonbankruptcy law.
11 U.S.C.A. § 522(b)(2)(B) (West 1979).

3. This section provides:

    (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...
    (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place....
11 U.S.C.A. § 522(b)(2)(A) (West 1979).

4. Neither the debtor nor the debtor's wife has asserted a homestead exemption on the debtor's behalf under Tennessee law.