**In re Rebecca Lynn MAINO, aka Rebecca Lynn Hill, and Joe Anthony Maino, Debtors.**

**Bankruptcy No. 91–30406B.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Feb. 18, 1992.

Stanley J. Kline, Memphis, Tenn., for debtors.

Roger A. Stone, Memphis, Tenn., for Commercial Credit Plan, Inc.

Richard T. Doughtie, III, Memphis, Tenn., Chapter 7 Trustee.

Julie C. Chinn, Memphis, Tenn., Asst. U.S. Trustee.

### MEMORANDUM OPINION AND ORDER ON DEBTORS' MOTION TO AVOID LIEN OF COMMERCIAL CREDIT PLAN, INC.

WILLIAM H. BROWN, Bankruptcy Judge.

On September 20, 1991, the debtors filed their joint Chapter 7 petition for relief in

this Court. The debtors listed on Schedule A real property, located at 4532 Janice Drive, Memphis, Tennessee, owned as tenants by the entirety, with a value of $62,000. The debtors also had two debts listed for Commercial Credit. One of those debts is not disputed here and is secured by a second mortgage on the debtors' Janice Drive real estate, which is their homestead. The other Commercial Credit debt, which is disputed here, is listed on the debtors' Schedule F of unsecured creditors; however, for that debt, Commercial Credit obtained a judgment against both debtors in the General Sessions Court for Shelby County, Tennessee, which judgment was recorded pre-bankruptcy in the Registrar's Office for Shelby County, Tennessee, thus becoming a judgment lien against the debtors' real estate in that county. The debtors have moved to avoid this judgment lien under 11 U.S.C. § 522(f)(1), and Commercial Credit opposes the debtors' motion. The issue presented is core pursuant to 28 U.S.C. § 157(b)(2)(K), and this opinion constitutes findings of fact and conclusions of law in accordance with F.R.B.P. 7052.

## SUMMARY OF FACTS

The motion and opposition thereto were presented to the Court upon uncontested facts and argument of counsel for the parties. As stated above, the debtors in their bankruptcy schedules reflected that the homestead property had a value of $62,000; however, in support of their motion to avoid the lien, the debtors presented an informal written appraisal by a realtor showing the property to have a present market value, based upon comparable sales, of $49,900. The creditor, at the hearing, presented an appraisal showing the property to have an indicated value, by the sales comparison approach, of $55,000. Counsel for the parties agreed that the first mortgage had a balance of $46,938.78, and that the second mortgage had a balance of $3,330.59. Based upon the creditor's higher appraisal of $55,000 and the present mortgage balances, there is equity in the property of approximately $4,175.

The creditor's joint judgment was recorded on December 5, 1990, and, as stated, became a judgment lien against both debtors' interests in the real property located in Shelby County, Tennessee.

## DISCUSSION AND CONCLUSIONS OF LAW

Under TENN.CODE ANN. § 26–2–301 the joint debtors are entitled to a $7,500 homestead exemption. The Court has recently issued an opinion discussing the Tennessee homestead exemption and Tennessee state law on tenancy by the entireties, *In re Clarence Sylvester Dick*, 136 B.R. 1000 (Bankr.W.D.Tenn.1991). In that opinion the Court had before it a different factual scenario, with a single debtor and a creditor that only had a judgment lien against the debtor, who was one of the tenants by entirety. In that opinion, the Court concluded that only the sole tenant/debtor's survivorship interest became property of the estate, and that the sole debtor did not yet have a vested individual ownership in which to claim a homestead exemption under state law; therefore, that sole debtor did not have an exemption which was impaired by the judgment lien. As a result, that sole debtor could not avoid the judgment lien under § 522(f)(1) *Id.*

Here, both husband and wife are debtors in bankruptcy, and each is liable to this creditor on the judgment. The Court notes that when both tenants by entirety are liable to a creditor, under Tennessee law, such a joint creditor, outside of bankruptcy, may execute upon the tenancy property. *See, e.g., In re Grosslight*, 757 F.2d 773 (6th Cir.1985); *In re Butcher*, 63 B.R. 30 (Bankr.E.D.Tenn.1986); *U.S. v. Ragsdale*, 206 F.Supp. 613 (W.D.Tenn. 1962). This judgment creditor, therefore, if there were sufficient equity in this entireties property, would be a secured creditor in the bankruptcy case. In contrast to the conclusions in the Court's prior opinion, this judgment lien does impair the homestead exemption of these joint debtors.

In the present case, both tenants are debtors in bankruptcy and have claimed the $7,500 joint exemption in their homestead as provided for under TENN.CODE ANN.

**1008**

§ 26–2–301. Under that state law, an individual debtor is entitled to a $5,000 exemption. There is, of course, less than $5,000 equity in the property over and above the two nonavoidable mortgages. It is a rather safe assumption that one of the tenants will survive the other; although, it is of course possible that both tenants would perish in a common disaster. Utilizing the reasonable assumption that one tenant will survive the other, at which point the fee simple interest will vest in the survivor, this Court concludes that this judgment lien does impair "an exemption to which [at least one of the debtors] would have been entitled," when that tenant's individual survivorship interest vests. 11 U.S.C. § 522(f). In summary, a joint case, involving both tenants by entirety, does not present the same level of speculation and uncertainty over vesting as was presented in the Court's earlier sole tenant opinion. It is reasonable to assume that one of the tenants by entirety will survive the other and it is logical to conclude that a judgment lien against both tenants does impair the homestead exemption to which one of those tenants is entitled.

Further, the Court concludes that the fact that, outside of bankruptcy, the joint obligation on the judgment lien submits the entirety interest to execution by the jointly owed creditor, leads to the conclusion that the judgment lien presently impairs the exemption. As observed above, in this case, the joint creditor, absent an avoidance of this judgment lien, would be a secured creditor that would be able to execute upon the entirety property. Here, the amount of equity is insufficient to satisfy even the minimal individual exemption of $5,000, much less a joint exemption of $7,500; therefore, this judgment lien does impair either and both of these joint debtors' homestead exemption.

The judgment lien of Commercial Credit is avoided under 11 U.S.C. § 522(f)(1).

IT IS SO ORDERED.