# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3412

_____

In re: Popkin & Stern,                    *
                                          *
              Debtor.                     *
                                          *
Robert J. Blackwell, Liquidating          *
Trustee of the Popkin & Stern             *
Liquidating Trust,                        *
                                          *
              Appellant,                  *   Appeal from the United States
                                          *   Bankruptcy Appellate Panel
        v.                                *   for the Eighth Circuit
                `                         *
Nancy Fendell Lurie;                      *        [UNPUBLISHED]
Ronald U. Lurie,                          *
                                          *
              Appellee.                   *

_____

Submitted:   September 9, 2002

Filed: September 23, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Robert J. Blackwell, as liquidating trustee of the Popkin & Stern liquidating trust, appeals from a final order entered by the United States Bankruptcy Appellate Panel for the Eighth Circuit holding that Ronald U. Lurie has standing to appeal and

that the United States Bankruptcy Court for the Eastern District of Missouri lacked personal jurisdiction over Lurie in the adversary proceeding against his wife, Nancy Lurie. <u>Blackwell v. Lurie (In re Popkin & Stern)</u>, No. 01-6020EM (B.A.P. 8th Cir. Sept. 4, 2001), <u>rev'g in part</u> Adv. No. 94-4461-399 (Bankr. E.D. Mo. Mar. 6, 2001).

Subsequent events have made the present appeal moot. Specifically, on July 19, 2002, the bankruptcy court entered an order in the adversary proceeding against Lurie finding that the 1994 judgment against Lurie was for a sum certain, was not subject to modification or adjustment, and was not ambiguous, contingent or derivative. <u>Id.</u>, Adv. No. 94-4192-399 (Bankr. E.D. Mo. July 19, 2002). Lurie has since filed an appeal from that order with the bankruptcy appellate panel. During oral argument in the present appeal, Lurie, appearing pro se, stated that he was not challenging personal jurisdiction in the appeal from the bankruptcy court's July 19, 2002, order.

Accordingly, we vacate the March 6, 2001, order entered by the bankruptcy court in Adv. No. 94-4461-399 as it applies to Lurie and the September 4, 2001, order entered by the bankruptcy appellate panel in No. 01-6020EM and dismiss the appeal as moot. The dismissal is without prejudice to any argument Lurie may raise in the appeal from the bankruptcy court's July 19, 2002, order with respect to the nature of the 1994 judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.