2003-NMCA-082

71 P.3d 509

**Robert J. BLACKWELL, in his capacity as Liquidating Trustee of the Popkin & Stern Liquidating Trust, Plaintiff–Appellant,**

v.

**Ronald U. LURIE, Defendant–Appellee,**

**Nancy F. Lurie, Intervenor–Appellee.**

No. 22,422.

Court of Appeals of New Mexico.

April 30, 2003.

Certiorari denied, No. 28,075, June 17, 2003.

William R. Keleher, Brett J. Olsen, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, for Appellant.

Ronald U. Lurie Bozeman, MT, Pro se Appellee.

Nancy F. Lurie Bozeman, MT, Pro se Appellee.

## OPINION

WECHSLER, Chief Judge.

{1} Robert Blackwell, liquidating trustee in bankruptcy (the Liquidating Trustee), appeals from an order of the district court quashing his petition for writ of execution. Pursuant to our conflict of laws rule, we conclude that Missouri law governs the characterization of the property at issue and that Ronald and Nancy Lurie (the Luries) hold the property as tenants by the entirety. In addition, we conclude that because the deficiency judgment is the separate debt of Ronald Lurie, the district court properly quashed the petition for writ of execution. We therefore affirm.

### Background

{2} Ronald Lurie was a general partner in the Missouri law firm of Popkin & Stern. In the early 1990s, Popkin & Stern went into bankruptcy upon the filing of an involuntary Chapter 7 petition. The law firm elected to convert the proceedings to Chapter 11, and the Liquidating Trustee was appointed. Pursuant to Section 723 of the Bankruptcy Code, the Liquidating Trustee obtained a deficiency judgment against Ronald Lurie in the amount of $1,121,743.

{3} The Luries purchased a valuable sketch by Frederic Remington entitled "Scenes of Navajo Life" in Missouri in 1978. In 1993, while still domiciled in Missouri, the Luries placed the sketch on consignment at the Fenn Gallery in Santa Fe, New Mexico, where it remains. Thereafter, the Luries relocated to Montana, their present domicile. In his efforts to recover the awarded sum, the Liquidating Trustee domesticated the deficiency judgment in a number of states, including New Mexico.

{4} In 1995, the Missouri bankruptcy court overseeing the Popkin & Stern proceedings entered an order by which all parties were stayed from "transferring, selling, or otherwise disposing of" certain assets, including the sketch. The court lifted the order in March 2001, and the Liquidating Trustee was expressly authorized to execute on the sketch, as well as any other non-exempt assets. Accordingly, the Liquidating Trustee served the Luries with notice and filed a petition for writ of execution in the First Judicial District Court of New Mexico. The Luries separately moved to quash the petition, arguing that the sketch is owned by them as tenants by the entirety, such that it is exempt from execution in satisfaction of the deficiency judgment. The district court conducted a hearing and quashed the Liquidating Trustee's petition for writ of execution.

### The Choice of Law Issue

{5} The legal issues presented on appeal arise out of a general rule, observed in many states including Missouri, by which tenancy by the entirety property is deemed inaccessible to all creditors except those to whom husband and wife are jointly indebted. See In re Garner, 952 F.2d 232, 233–35 (8th Cir. 1991) (applying Missouri law for the proposition that tenancy by the entirety property is only available to creditors if joint debts are at issue); In re Brown, 234 B.R. 907, 912–13 (Bankr.W.D.Mo.1999) (same). See also In re Cross, 255 B.R. 25, 36–37 (Bankr.N.D.Ind. 2000) (applying the general rule of the state by which entirety properties are subject to creditors' claims only if both spouses are obligated on the underlying debts); In re Maino, 136 B.R. 1006, 1007–08 (Bankr. W.D.Tenn.1992) (same); In re Kimmel, 131 B.R. 223, 227–28 (Bankr.S.D.Fla.1991) (same); In re R.L. Kelly & Sons, Millers, 125 B.R. 945, 951–52 (Bankr.D.Md.1991) (same); Rogers v. Rogers, 257 Va. 323, 512 S.E.2d 821, 822 (1999) (same). In view of this rule, we are required to determine the nature of the Luries' interests in the sketch, as well as the status of the deficiency judgment as either a joint or a separate debt. The resolution of these sub-issues, in turn, depends largely upon an election between application of the laws of the state of Missouri or the laws of the state of New Mexico.

{6} Below, the Luries successfully claimed entitlement to the favorable treatment afforded tenancy by the entirety property by convincing the district court that both the nature of their ownership interests in the sketch and the status of the debt should be governed by the laws of the state of Mis-

souri. By contrast, the Liquidating Trustee has relied on New Mexico's laws to support his assertion that the sketch is not tenancy by the entirety property and is therefore subject to execution in satisfaction of the deficiency judgment.

*Standard of Review*

{7} The issues on appeal call for a conflict of laws analysis, as well as interpretation of the laws of this state. We therefore apply a de novo standard of review. *See Huntington Nat'l Bank v. Sproul,* 116 N.M. 254, 256–61, 861 P.2d 935, 937–42 (1993) (reviewing de novo an issue pertaining to the classification of marital property and debt); *Pub. Serv. Co. v. Diamond D Constr. Co.,* 2001–NMCA–082, ¶ 48, 131 N.M. 100, 33 P.3d 651 ("Issues of statutory construction and interpretation are questions of law, which we review de novo.").

*Characterizing the Property Interests at Issue*

{8} We first decide which state's laws should apply for the purpose of characterizing the Luries' interests in the sketch. In New Mexico, we generally follow the conflict of laws rule by which an interest in property takes its character at the time and in the manner of its acquisition. *See English v. Sanchez,* 110 N.M. 343, 345, 796 P.2d 236, 238 (1990). In this case, the Luries acquired the sketch jointly, as husband and wife, in Missouri in 1978. Under these circumstances, the Luries became joint owners of the sketch as tenants by the entirety. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shackelford,* 591 S.W.2d 210, 213 (Mo.Ct. App.1979) (observing that, in Missouri, when "two persons who are husband and wife become joint owners of personal property a presumption arises that they hold the property as tenants by the entirety"). Accordingly, applying the time-and-manner-of-acquisition rule, the sketch would continue to be regarded as tenancy by the entirety property.

{9} The Liquidating Trustee suggests a different result. He urges that if Missouri law is to be applied, the courts of that state would look either to the law of the Luries' current domicile (Montana) or to the law of the situs of the property (New Mexico). Because neither Montana nor New Mexico recognizes tenancies by the entirety in its own laws, the Liquidating Trustee argues that the Luries' interests in the sketch cannot be so characterized. We do not agree. Although the Liquidating Trustee may have accurately summarized the conflict of laws analysis applied by the Missouri courts, Missouri law does not govern the choice of law analysis. We look to Missouri law when directed by the time-and-manner-of-acquisition rule, not when deciding whether to apply it.

{10} Alternatively, the Liquidating Trustee argues that the Community Property Act of 1973, NMSA 1978, §§ 40–3–6 to –17 (1973, as amended through 1997) (the Act), has superceded the time-and-manner-of-acquisition rule, and contends that the sketch should be classified as community property in accordance with Section 40–3–8. However, the New Mexico Supreme Court has previously considered and rejected this argument. *See Stephens v. Stephens,* 93 N.M. 1, 2–3, 595 P.2d 1196, 1197–98 (1979) (declining to conclude that New Mexico's statutory provisions defining community and separate property should apply to all property acquired during coverture, regardless of the situs of acquisition).

{11} Although the Liquidating Trustee asserts that subsequent amendments to the Act have effectively overruled *Stephens,* we do not agree. The only pertinent modifications to the Act since *Stephens* involve the addition of the quasi-community property provisions. While these provisions broaden the scope of New Mexico's property laws, they are not broad enough to encompass the matter under consideration. A designation as quasi-community property is only significant "[f]or purposes of division of property incident to a dissolution of marriage or a legal separation," in which case the property in question is treated as community property "if both parties are domiciliaries of New Mexico at the time of the dissolution or legal separation proceeding." Section 40–3–8(D). This case does not involve a dissolution of marriage or a legal separation. Furthermore, the Luries are not domiciliaries of this state. As a result, the Act does not govern

the nature of the Luries' interests in the sketch.

■ {12} Finally, the Liquidating Trustee urges that we depart from the time-and-manner-of-acquisition rule in this case on the ground that the outcome is incompatible with the laws of this state. Although the "public policy exception" provides a mechanism by which the application of out-of-state law may be avoided if such laws are offensive to the public policy of this state, this exception may only be invoked in extremely limited circumstances. *Reagan v. McGee Drilling Corp.*, 1997–NMCA–014, ¶¶ 8–9, 123 N.M. 68, 933 P.2d 867. We may decline to apply Missouri's law in this case only if fundamental principles of justice would otherwise be offended. *See State Farm Mut. Auto. Ins. Co. v. Ballard,* 2002–NMSC–030, ¶ 9, 132 N.M. 696, 54 P.3d 537.

{13} As the Liquidating Trustee observes, New Mexico abrogated tenancies by the entirety when it adopted the community property system. *See Swink v. Fingado,* 115 N.M. 275, 279 n. 9, 850 P.2d 978, 982 n. 9 (1993); *McDonald v. Senn,* 53 N.M. 198, 207, 204 P.2d 990, 995 (1949); *see also* § 40–3–8 (identifying the various classes of marital property that are recognized in this state). However, we find no indication in either the statutes or the case law that this development represented a determination that tenancies by the entirety violate some deep-rooted public policy. It seems far more likely that estates by the entirety were abrogated because of their incompatibility with the precepts of community property law. *See McDonald,* 53 N.M. at 207, 204 P.2d at 995 (stating that "[e]states by the entireties are creatures of the common law, created by legal fiction, and based wholly upon the common law doctrine that husband and wife are one") (internal quotation marks and citation omitted). Although tenancies by the entirety may be anachronistic, their recognition when the time-and-manner-of-acquisition rule would so require does not "violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal" in this state. *Reagan,* 1997–NMCA–014, ¶ 9, 123 N.M. 68, 933 P.2d 867 (internal quotation marks and citation omitted). We therefore conclude that the public policy exception does not warrant our declining to apply Missouri law in this case.

*Characterizing the Deficiency Judgment*

{14} Having determined that the sketch is properly characterized as tenancy by the entirety property, we must now consider the nature of the debt that is represented by the deficiency judgment. We again must determine whether to apply the laws of this state or that of another.

{15} The Liquidating Trustee asserts that the laws of New Mexico, rather than the laws of Missouri, should be applied for the purpose of classifying the deficiency judgment, and contends that under the laws of this state, the debt is properly regarded as joint or community in nature. The Liquidating Trustee relies heavily on *Sproul,* 116 N.M. at 256–61, 861 P.2d at 937–42, as authority for this position.

{16} In *Sproul,* our Supreme Court held that when a foreign judgment is domesticated in New Mexico, New Mexico law must be applied in order to characterize the debt represented by the judgment. *Id.* at 258, 861 P.2d at 939. *Sproul* involved a debt that was created in New Mexico by a New Mexico resident. *Id.* at 256, 861 P.2d at 937. The real property that was subject to execution in satisfaction of the domesticated judgment was located in New Mexico and characterized as community property. *Id.* at 256, 261, 861 P.2d at 937, 942; *see* § 40–3–8. Following a lengthy analysis, the Court ultimately concluded that, under New Mexico law, the debt was attributable to the community. *Sproul,* 116 N.M. at 258–61, 861 P.2d at 939–42; *see* § 40–3–9. Based upon these community property and community debt designations, the Court recognized and applied the statutory requirement that community debts be paid first from community assets. *Sproul,* 116 N.M. at 264, 267, 861 P.2d at 945, 948; *see* § 40–3–11.

{17} Under New Mexico law, the debt represented by the deficiency judgment in this case might be characterized as a community debt because it appears to have been contracted or incurred during marriage. *See* § 40–3–9(B). On the other hand, the debt might also be characterized as the separate debt of Ronald Lurie pursuant to Section 40–

3–9(A)(3) (defining a "separate debt" as a debt so designated by a judgment or decree of any court having jurisdiction). Although our Supreme Court stated in *Sproul* that Section 40-3-9(A)(3) only applies when the foreign court's judgment or decree contains an express statement indicating that the debt is separate, the Court also noted that the character of the debt was not actually addressed by the foreign court that issued the judgment in that case. *Sproul,* 116 N.M. at 259, 861 P.2d at 940. By contrast, the bankruptcy court that issued the judgment against Ronald Lurie had multiple opportunities to consider the character of the debt represented by the deficiency judgment and, at all times, treated the debt as the separate debt of Ronald Lurie. *See In re Popkin & Stern,* 289 F.3d 554, 555 (8th Cir.2002) (implicitly characterizing the deficiency judgment at issue as the separate debt of Ronald Lurie and observing that the Liquidating Trustee was only entitled to execute against assets jointly held by the Luries up to the amount of a judgment separately obtained against Nancy Lurie); *In re Popkin & Stern,* 266 B.R. 146, 149 (B.A.P. 8th Cir.2001) (same).

▪ {18} However, we need not resolve the issue of the character of the debt represented by the deficiency judgment because application of New Mexico law does not lead to a resolution of the issue. *Sproul* indicates that we apply the New Mexico statutory provisions pertaining to satisfaction of the debt if the debt is characterized under New Mexico law. *See §§* 40-3-10, -11. However, the Luries own the sketch as tenants by the entirety. As we have noted, New Mexico has abrogated tenancies by the entirety, and the statutory provisions governing the satisfaction of debts make no mention of tenancies by the entirety. Sections 40-3-10, -11; *see Swink,* 115 N.M. at 279 n. 9, 850 P.2d at 982 n. 9; *McDonald,* 53 N.M. at 207, 204 P.2d at 995. Unlike *Sproul* in which the property could be defined under New Mexico law, this case cannot be resolved by applying existing New Mexico law. We therefore cannot afford *Sproul* the broad interpretation advanced by the Liquidating Trustee. Because New Mexico law cannot be applied for the purpose of characterizing the debt, we necessarily apply the law of Missouri, the state in which all the other pertinent activity took place.

▪ {19} Under Missouri law, the amenability of the sketch to execution in satisfaction of the deficiency judgment depends upon the status of the debt as joint. *See In re Garner,* 952 F.2d at 233–35 (applying Missouri law for the proposition that tenancy by the entirety property is only available to creditors if joint debts are at issue); *In re Brown,* 234 B.R. at 912–13 (same). Although in a usual case it would be necessary to analyze Missouri's debt and creditor law in order to arrive at a conclusion, we are aided in this case by prior rulings in parallel proceedings. The bankruptcy court presiding over the Popkin & Stern proceedings has already classified the deficiency judgment as the separate debt of Ronald Lurie, in accordance with the laws of the state of Missouri. *See In re Popkin & Stern,* 289 F.3d at 555; *In re Popkin & Stern,* 266 B.R. at 149; *cf. Lurie v. Blackwell,* 51 P.3d 846, 851 (Wyo. 2002) (noting that the deficiency judgment, having been entered against Ronald Lurie alone, represents his individual debt). Based upon this classification of the debt, the district court properly concluded that the sketch was not amenable to execution in satisfaction of the deficiency judgment.

*Conclusion*

{20} Based on the time-and-manner-of-acquisition rule, we conclude that the sketch is held by the Luries as tenants by the entirety. Because we apply Missouri law in order to determine the character of the debt, we conclude that the deficiency judgment represents the separate debt of Ronald Lurie. Accordingly, in conformity with the general rule by which tenancy by the entirety property is deemed exempt from all but joint creditors, the sketch is not subject to the claims of the Liquidating Trustee. We affirm the ruling of the district court.

{21} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, and IRA ROBINSON, Judges.